## MARSHALL *v.* RUSSELL.

A note dated on Sunday, but in fact made and delivered on another day of the week, is not void under the provisions of section 1 of chapter 118 of the Revised Statutes.
Where the declaration correctly sets out the date of a note, no variance is created by proof that the note was in fact made on a day different from its date.

ASSUMPSIT, on a promissory note, signed by the defendant, Charles C. Russell, for $200, payable to the plaintiff, Stephen C. Marshall, or order, on demand, with interest annually, and dated September 2, 1860. Plea, the general issue.

The declaration was in the usual form counting on the note.

The defense was, that the action could not be maintained, as the note was dated on Sunday. Subject to the defendant's exception the plaintiff offered and the court admitted evidence tending to prove that the note in question was made and delivered, not on Sunday, but on a week day, and that the note was given as a substitute for an old note taken up by the defendant, and that interest was cast to the 2d of September, 1860, being an even number of months, and the new note was ante-dated so as to bear interest from the time to which the interest was cast on the old note, without examination to find whether the second day of said September, 1860, was Sunday or otherwise.

The plaintiff testified that the note last given was made and delivered on a week day, and the interest was so reckoned as matter of convenience. Upon this evidence the defendant raised a question of variance between the note and declaration.

A verdict was taken by consent for the plaintiff for the amount of the note, and the questions of law were reserved.

*W. W. Bailey,* for the defendant.

*A. W. Sawyer,* for the plaintiff. ·

BARTLETT, J. The note in suit was not made or delivered on Sunday, and its execution was not in violation of either the letter or the spirit of section 1 of chapter 118 of the Rev. Stat., which provides that "no person shall do any work, business or labor of

his secular calling, to the disturbance of others, works of necessity and mercy excepted, on the first day of the week, commonly called the Lord's day." The note was in effect a mere contract, lawfully made, for the payment of a sum of money, with interest to be reckoned as commencing to run on a certain Sunday, and the statute no more prohibits contracts by which interest commences to run on Sunday than it does contracts by which interest runs on Sundays.

The other objection is not that the declaration alleges the note to have been made on Sunday, and if it were, perhaps an amendment, if necessary, might be made after verdict; see *Whittier* v. *Varney*, 10 N. H. 304; *Marshall* v. *Riggs*, 2 Strange 1162; *Wilder* v. *Handy*, 2 Strange 1151; but that the note varies from the declaration. The declaration is not before us, and it does not appear, nor is it suggested, that the date of the note is not correctly stated in the declaration; and if its date is correctly stated, there is no variance in this respect, even if the note appeared to have been in fact made upon a day different from that alleged. 1 Chit. Pl. 257, 258; 2 Greenl. Ev., sec. 160; 1 Saund. Pl. & Ev. 260. There must be

*Judgment on the verdict.*